[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR JUDGMENT ON FACTFINDERS REPORT
In this action to recover unpaid balances under two contracts, one for the sale of a "pug mill mixer" and the other for three raw sewage pumps, Defendant claimed partial payments and that the equipment was defective and further pleaded a counterclaim and certain set-offs. The matter was heard by a factfinder on September 9 and 21, 1993 and on December 7, 1993 he filed a report of finding of facts and recommended judgment for the Plaintiff in the amount of $75,219 plus interest, attorney's fees and costs.
On December 20, 1993 Defendant filed a motion to correct and on April 29, 1994 the factfinder filed a reply in which he found no error in his report.
On May 9, 1994 Defendant filed exceptions to the Report. Plaintiff has moved for Judgment.
Defendant attacks many of the findings, alleging that the factfinder copied almost verbatim from the Plaintiff's trial brief. It has also attacked the computation of interest and award of attorney's fees.
The standard of review of a factfinder's report are set forth in Wilcox Trucking v. Mansour Builders, Inc., 20 Conn. App. 420
(1989). This court may not substitute its judgment for those of the trier of fact, and his findings should be overturned only when they are clearly erroneous.
The proposed judgment of $75,219.41 in favor of Plaintiff was apparently based on Plaintiff's trial brief (p. 30) and findings that Defendant owed principal balances of $24,500 for CT Page 11588 the pug mill and $20,000 for the sewage pumps. To these principal amounts, interest at the rate of 18% was awarded to September 9, 1993 in a total amount of $43,244.00; as against this total Defendants were apparently awarded set-offs for commissions in the amount of $8,343. and back charges in the amount of $4,181.59 as conceded by the Plaintiff in its trial brief resulting in the recommended judgment for Plaintiff in the sum of $75,219.41.
It is true that the findings of fact closely parallel those suggested in Plaintiff's trial brief, but that is no basis for automatic correction. There appears ample evidence in the record to justify the factfinder's conclusions with respect to the principal balances owed to the Plaintiff, as well as the applicable set-offs. However, there appears to be error both in the rate of interest used and the computation of interest, so that the total interest included in the judgment is incorrect. The rate of 18% cannot be justified in the absence of a finding that the subject transactions took place pursuant to a written contract specifying such rate. Moreover, the factfinder apparently computed interest on the sum of $44,500, the total of the principal found due, rather than on the net sums due Plaintiff, after deducting the setoffs credited to the Defendant.
Interest should have been applied at the rate of 10% as provided in General Statutes § 37-3a, computed separately on the two claims as follows:
On the pug mill balance of $24,500., reduced by the setoffs of $8,343 and $4,181.59, interest should have been calculated on the net principal balance of $11,975.41 from March 19, 1989 to December 7, 1993 at the rate of 10%, resulting in interest of $5,638.24.
On the sewage pumps balance of $20,000., interest should have been calculated at the rate of 10% from March 31, 1989 to December 7, 1993, resulting in interest of $9,353.56.
The recommendation of the factfinder is corrected and Judgment is entered for the principal sum of $31,975.41 plus interest to December 7, 1993 in the amount of $14,991.80, for a total of $46,967.21.
The factfinder did not include attorney's fees in his CT Page 11589 computations but recommended that reasonable attorney's fees be awarded in addition to his recommendation of $75,219.00 award for the Plaintiff. In the absence of a finding that the parties agreed to pay attorney's fees, there is no basis for the award of attorney's fees. Interest on the principal portion of the judgment will run from the date of judgment at the statutory rate of judgment interest.
Wagner, J.